

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

REGIONAL TRANSPORTATION
COMMISSION OF WASHOE COUNTY,

Plaintiff-Appellee,

v.

TEAMSTERS LOCAL 533,

Defendant-Appellant.

</td><td>

No.   17-16936

D.C. No. 3:14-cv-0674

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted December 17, 2018
San Francisco, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges, and OLGUIN,[**] District
Judge.

Defendant-appellant Teamsters Local 533 ("Local 533") appeals an order

granting summary judgment.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Fernando M. Olguin, United States District Judge for the Central
District of California, sitting by designation.

Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We review the grant of summary judgment de novo. *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).

The Regional Transportation Commission of Washoe County ("RTC") operates Washoe County's transportation system. RTC contracted with MV Transportation, Inc. ("MV") to operate RTC's buses. MV and Local 533 (the union representing the bus drivers) entered into a collective bargaining agreement ("CBA"). Local 533 here disputes whether RTC may lawfully activate the audio recording function of a previously-installed audio-visual recording system, which consists of six to twelve cameras located throughout each bus and a microphone near the driver.

1. Local 533 argues that a Nevada statute, NEV. REV. STAT. § 200.650, prohibits activation of the audio recorders. Under Nevada law, "[t]he goal of statutory interpretation is to give effect to the Legislature's intent." *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017) (internal quotation marks omitted). "To ascertain the Legislature's intent," courts "look to the statute's plain language." *Id.*

Section 200.650 is unambiguous and makes it illegal to "intrude upon the privacy of other persons by surreptitiously listening to, monitoring or recording, or

2

attempting to listen to, monitor or record . . . any private conversation engaged in by the other persons . . . unless authorized to do so by one of the persons engaging in the conversation." NEV. REV. STAT. § 200.650.

Local 533's argument therefore fails because MV emailed the union a month prior to the planned activation of the audio system, informing it of its plan, and posted a notice in the front of each bus, in both English and Spanish, informing occupants that the bus "may be equipped with audio and video surveillance[.]" Thus, nothing about the recordings contemplated here would be surreptitious.

2.     Local 533 argues that activation of the audio recorders violates the CBA between it and MV. Collective bargaining agreements "must be interpreted 'according to ordinary principles of contract law.'" *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 763 (2018) (quoting *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015)). "Where the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent." *M & G Polymers*, 135 S. Ct. at 933 (internal quotation marks omitted).

Local 533's argument is unpersuasive because the terms of the CBA permit MV to "employ new technology, including video systems, GPS, mobile data terminals/computers and other present or future technologies for the transit

3

industry" onboard the buses. Whether one regards the audio recorders as a "new" technology because they have not yet been activated, or as a "present" technology because audio recording technology has existed for decades, they fall within the ambit of the CBA.

3.     Local 533 contends that the activation of the audio recorders is unlawful because audio recording is a mandatory subject of collective bargaining under the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.* An employer violates the NLRA if it makes a unilateral change in a "mandatory subject" of collective bargaining without first bargaining over the relevant term—absent a waiver that is explicitly stated, clear, and unmistakable. *Local Joint Exec. Bd. of Las Vegas v. N.L.R.B.*, 540 F.3d 1072, 1075 (9th Cir. 2008).

The CBA here clearly and expressly waived the right to collectively bargain over the activation of the audio recorders by virtue of provisions that allow management to "introduce new or improved technology . . . to increase efficiency," and allow the company to employ "new technology," not to mention a specific provision that waives the right to collectively bargain "with respect to any subject or matter specifically referred to or covered in this Agreement[.]"

All pending motions are denied as moot.

**AFFIRMED**.